```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- x
RICO RECORDS DISTRIBUTORS, INC. and    :
RALPH CARTAGENA,                       :
                                       :
            Plaintiffs,                :
                                       :
        -v-                            :    04 Civ. 9782 (JSR)
                                       :
RAFAEL ITHIER, as owner of EL GRAN     :    MEMORANDUM ORDER
COMBO DE PUERTO RICO, INC., d/b/a EL   :
GRAN COMBO DE PUERTO RICO; RAFAEL      :
ITHIER d/b/a EL GRAN COMBO DE PUERTO   :
RICO; and EL GRAN COMBO DE PUERTO      :
RICO, INC., d/b/a EL GRAN COMBO DE     :
PUERTO RICO,                           :
                                       :
            Defendants.                :
--------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Plaintiffs Rico Records Distributors, Inc. ("Rico Records") and Ralph Cartagena, its principal, seek a declaration that they are the true owners of the copyrights to 35 sound recordings of music performed by the salsa band El Gran Combo de Puerto Rico ("El Gran Combo") that were produced between 1977 and 2004. In response, defendants El Gran Combo and its principal, Rafael Ithier, seek, by way of counterclaims, (1) a declaratory judgment that they own the recordings in issue, (2) damages for copyright infringement, and (3) damages for breach of contract. Plaintiffs now move to disqualify defendants' counsel and to dismiss defendants' counterclaims.

First, as to the disqualification motion. Some years ago defendants' counsel, Roberto Sueiro del Valle, Esq., represented Cartagena Enterprises, Inc., a corporation of which plaintiff Ralph Cartagena is president, in an action brought by that company against Goya de Puerto Rico, Inc. ("Goya"), a well-known Latin American food

company, for Goya's allegedly making infringing use of a song performed by El Gran Combo to which Cartagena Enterprises held the copyright. See Cartagena Enterprises, Inc. v. Goya De Puerto Rico, Inc., et al., v. Agencia De Publicidad Enrique Grau Esteban, Inc., et al., 96 Civ. 2164 (D. P.R.) ("the Goya Litigation"); see also Affidavit of Ralph Cartagena dated May 24, 2005 ("Cartagena Aff.") ¶¶ 11-12. During the Goya Litigation, Cartagena discussed with Sueiro del Valle's co-counsel the circumstances of Cartagena Enterprises' acquisition of various El Gran Combo recordings, see Cartagena Aff. ¶ 13, and delivered to Sueiro del Valle detailed records of royalty payments made to El Gran Combo by Cartagena Enterprises, see id. ¶ 14. On this basis, plaintiffs seek to disqualify Sueiro del Valle on the ground that Sueiro is at least potentially in a position to make use against plaintiffs of privileged information obtained when he was representing Rico Records. See generally, Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1079).

Sueiro del Valle, however, swears that he has long since destroyed all files pertaining to the Goya Litigation and has no independent recollection of any of the conversations to which Cartagena refers. See Sworn Statement of Roberto Sueiro del Valle dated June 6, 2005 ("Sueiro del Valle Aff.") ¶¶ 3, 11-12. More importantly, the business records of Cartagena Enterprises were never privileged, and any privilege arguably attaching to any conversations that Cartegena had with Sueiro del Valle in connection with delivering these documents, or had with Sueiro del Valle's co-counsel

relating to the circumstances surrounding Cartagena Enterprises' acquisition of El Gran Combo recordings, has been waived by Cartagena's act of setting forth the details of the underlying substance of these conversations in his affidavit in this case. See Cartagena Aff. ¶¶ 5-10, 14; see also In re Horowitz, 482 F.2d 72, 81 (2d Cir. 1973). Further still, as these disclosures demonstrate, the conversations are unlikely to be material, directly or indirectly, to any of the issues genuinely in dispute in this case.

As for plaintiffs' fall-back argument that Sueiro del Valle should be disqualified because he may wind up making legal arguments on behalf of defendants that are contrary to legal positions he previously took on behalf of Cartagena Enterprises in the Goya Litigation, there is nothing improper about a lawyer's arguing opposite positions for different parties in different cases: indeed, it is more or less inherent in an adversarial system of justice.

Finally, plaintiffs contend that Sueiro del Valle should be disqualified because he is a potential witness, since he was present at a deposition that Ithier gave in the Goya Litigation, the transcript of which has apparently been lost, so that Sueiro del Valle might have to be called by plaintiffs to testify to admissions that Ithier allegedly made at that deposition. Sueiro del Valle, however, has affirmed under oath that he has no recollection of any such admissions. See Sueiro del Valle Aff. ¶¶ 11-12. Moreover, Cartagena himself can testify to the admissions, since he avers that Ithier directly made the same statements to him. See Catagena Aff. ¶ 12. Thus, Sueiro del Valle's testimony in this regard would be

cumulative at best, and, more likely, of no substance whatever.  This is far too thin a reed to warrant disqualification.

Second, as to plaintiffs' motion to dismiss.  Plaintiffs seek dismissal of defendants' three counterclaims on a variety of theories, many of which are so lacking in merit as not to warrant discussion.  But the one point made by plaintiffs that has considerable merit regards the relevant statutes of limitations.  Specifically, the counterclaims regarding ownership and infringement are governed by a three-year statute of limitations, see 18 U.S.C. § 507(b), while the breach of contract counterclaim is governed by a six-year statute of limitation, N.Y. C.P.L.R. § 213(2).

As to the former, the three-year period begins to run when the claimant "knows or has reason to know the injury upon which the claim is premised."  Merchant v. Levy, 92 F.3d 51, 56 (2d Cir. 1996); Carell v. The Shubert Organization, Inc., 104 F. Supp. 2d 236, 248 (S.D.N.Y. 2000).  The copyright notices on the covers of each of the 35 sound recordings here in issue identify Cartagena and Rico Records as the copyright holders, and thereby create sufficient notice to begin the running of the statute of limitations.  See Ex. A to Notice of Motion of Plaintiffs' Motion to Dismiss (album covers).[1]

---

[1] The album covers are specifically referenced in the counterclaims, see Countercls. ¶ 13, and therefore may be considered on a motion to dismiss, see Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).  Additionally, on a motion to dismiss, a court may consider documents not attached to the pleadings when the party whose claim is sought to be dismissed has notice of those documents and has relied on them in framing the claim in issue.  See Cortec Indus. Inc. v. Sum Holdings L.P., 949 F.2d 42, 48 (2d Cir. 1991).

4

Therefore, since plaintiffs' counterclaims were filed on May 3, 2005, plaintiffs' declaratory judgment and copyright infringement counterclaims can only stand with respect to those albums released after May 3, 2002.

As for the breach of contract counterclaim, it is governed by New York law, which limits claims for contract breach to those breaches occurring no more than six years prior to filing of the claims. N.Y. C.P.L.R. § 213(2). Therefore, defendants are barred from asserting claims for contract breaches that occurred prior to May 3, 1999.

Accordingly, for the foregoing reasons, the Court hereby (1) denies plaintiffs' motion to disqualify Roberto Sueiro del Valle as counsel for defendants; (2) grants plaintiffs' motion to dismiss defendants' declaratory judgment and copyright infringement claims as to any recordings released prior to May 3, 2002; and (3) grants plaintiffs' motion to dismiss defendants' breach of contract claims as to any breaches occurring prior to May 3, 1999.

SO ORDERED.

---
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
September 7, 2005